IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL FLINNER, V30064, | ) | |
| Plaintiff(s), | ) | No. C 14-5472 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL |
| STATE OF CALIFORNIA, et al., | ) | (Dkt. #2 & 4) |
| Defendant(s). | ) | |

    Plaintiff, a California prisoner on death row at San Quentin State Prison (SQSP), has filed a pro se complaint under 42 U.S.C. § 1983 alleging that the process for trying and reviewing death penalty cases in California takes too long and is too difficult. He seeks damages and equitable relief in the form of quicker review of his conviction and sentence.

    Plaintiff also moves for leave to proceed <u>in forma pauperis</u> and to file additional exhibits in support of his complaint. Good cause appearing, plaintiff's motions (dkt. #2 & 4) are GRANTED.

**DISCUSSION**

A.    <u>Standard of Review</u>

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such

relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff's claim for equitable relief is barred under the principles of abstention.  Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  See Younger v. Harris, 401 U.S. 37, 43-54 (1971).  The rationale of Younger applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted.  See Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994).

Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction, and perhaps in other special circumstances where irreparable injury can be shown, is federal injunctive relief against ongoing state criminal proceedings appropriate.  See Perez v. Ledesma, 401 U.S. 82, 85 (1971).  Abstention also may be inappropriate if the state tribunal is shown to be incompetent by reason of bias.  See Gibson v. Berryhill, 411 U.S. 564, 577-79 (1973).  But petitioner makes no such showing – he does not make any plausible non-conclusory allegation of harassment, bad faith, irreparable harm or bias of the tribunal.  Cf. Younger, 401 U.S. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention).

Abstention is warranted under Younger.[1]

Plaintiff also seeks money damages from defendants – the State of California and its Governor and Attorney General. But the Eleventh Amendment bars from the federal courts suits for damages against a state by its own citizens, see Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985), and against state officials sued in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 169-70 (1985). Plaintiff's claim for damages is barred by the Eleventh Amendment. It is also barred by the rationale of Heck v. Humphrey, 512 U.S. 477 (1994), because a judgment in favor of plaintiff on his claim for damages would imply the invalidity of a state conviction which has not already been invalidated. See 512 U.S. at 486-87 (a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state a claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot and close the file.

SO ORDERED.

DATED: Jan. 5, 2015

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.14\Flinner, M.14-5472.dismissal.wpd

---

[1] To the extent plaintiff seeks federal relief from his conviction and sentence, he must do so by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting available state judicial remedies. See Hill v. McDonough, 547 U.S. 573, 579 (2006) (challenges to lawfulness of confinement or to particulars affecting its duration are province of habeas corpus).